

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2006

# Goodmann v. Peoples Bank

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4617

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Goodmann v. Peoples Bank" (2006). *2006 Decisions.* Paper 46.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/46

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4617
_____

ADAM GOODMANN,

                            Appellant

v.

PEOPLE'S BANK;
RICHARD J. BOUDREAU, ESQ., (MASS);
BOUDREAU & ASSOCIATES, LLC
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 04-cv-05882)
District Judge: Honorable Faith S. Hochberg
_____

Submitted Under Third Circuit LAR 34.1(a)
on November 27, 2006

Before: RENDELL and AMBRO, <u>Circuit Judges,</u>
and PRATTER*, <u>District Judge</u>

(Filed:  December 21, 2006)

_____

    *  Honorable Gene E.K. Pratter, Judge of the United States District Court for the
    Eastern District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

RENDELL, <u>Circuit Judge</u>.

Plaintiff-Appellant Adam Goodmann appeals the dismissal by the District Court of New Jersey of claims Goodmann brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Truth in Lending Act, 15 U.S.C. § 1601. Goodmann sued Defendants-Appellees People's Bank, Richard J. Boudreau, and Boudreau & Associates, LLC, after an erroneous charge was wrongfully placed on his credit card and Appellees took adverse action against Goodmann (including cancelling his credit card) without following appropriate procedures. (Richard J. Boudreau and Boudreau & Associates, LLC, are debt collectors.) In his complaint, Goodmann sought from People's Bank $879.69 and "all reasonable Court costs and attorney fees associated" with his actions against the Bank. Goodmann also sought from the debt collectors "$1,000 for each violation plus all reasonable Court costs and attorney fees associated with these Actions."

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, People's Bank submitted to Goodmann in writing an Offer of Judgment in the amount of $900. *See* Fed. R. Civ. P. 68 ("At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to

2

be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. . . . An offer not accepted shall be deemed withdrawn . . . ."). People's Bank "offer[ed] to allow judgment to be taken against [it] in the amount of $900.00 . . . plus your actual costs for service of the summons and complaint upon the defendant. This sum is inclusive of damages, costs, and attorneys's fees." The debt collectors made a similar offer in the amount of $1,000. They "offer[ed] to allow judgment to be taken against [them], jointly and severally, in the amount of $1000.00 . . . plus your actual costs for the filing fee of the complaint in the U.S. District Court and your actual costs for service of the summons and complaint against these defendants. This sum is inclusive of damages, costs, and attorney's fees."

Goodmann did not respond to either written offer. Appellees made a motion before the District Court that the Complaint be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, claiming that their offer to Goodmann of complete relief had been denied and that such denial mooted the case. The case was dismissed and Goodmann timely appealed.

## DISCUSSION

The Court has jurisdiction over the case under 28 U.S.C. § 1331 and 28 U.S.C. § 1291. Dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is appropriate when the District Court lacks jurisdiction over the subject matter of the case. Fed. R. Civ. P. 12(b)(1). The District Court lacks subject matter jurisdiction when the controversy has become moot. Moreover, "under traditional mootness principles, an offer

3

for the entirety of a plaintiff's claim will generally moot the claim." *Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004).

Goodmann claims that the offer presented by Appellees did not an include an amount sufficient to moot his entire case. With regard to the debt collectors, Goodmann's complaint alleged "at least five separate statutory violations" which he believed the collectors had committed as a result of their pursuit of the erroneous charge, and Goodmann claims he is entitled to $1,000 for each violation. In his brief to the Court, Goodmann also claims that in connection with his actions against the Appellees he has incurred damages in the form of "mailing costs, facsimile costs, copy costs, parking costs, telephone costs, and deposition costs e.g. appearance fees and transcript fees." He also cites the costs of formal pleadings with the District Court, claiming that he incurred costs of $13.65 per mailing to the District Court and $4 per mailing to Appellees' counsel (for an unspecified total). Such costs, Goodmann alleges, raise the amount of his potential judgment above $1,000 and $900 respectively, and thus his claims should not have been dismissed by Appellees' offers. His original complaint, however, only sought his statutory damages and "reasonable Court costs."

With regard to the Bank's liability, 15 U.S.C. § 1640 states that a bank who has failed to comply with the Truth in Lending Act is liable "in the case of an individual action [for] twice the amount of any finance charge in connection with the transaction." 15 U.S.C. § 1640(a)(2)(A)(i). Successful plaintiffs may seek to recover costs and "a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1640. (Goodmann, an

4

attorney proceeding *pro se*, is not entitled to attorney's fees. *Kay v. Ehrler*, 499 U.S. 432 (1991).)

We disagree with Goodmann's assessment of how much he is owed under the applicable statutes. Twice the amount of the finance charges (including lost "cashback points") was $879.69. The amount offered by the Bank was $900. The Bank's offer exceeded the statutory damages potentially available under 15 U.S.C. § 1640.

With regard to the debt collectors' liability, 15 U.S.C. § 1692k states that a debt collector who fails to comply with the Act is liable for "any actual damage sustained by such person as a result of such failure," 15 U.S.C. § 1692k(a)(1) and "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(A). Successful plaintiffs may seek to recover the costs of the action, as well as a reasonable attorney's fee. 15 U.S.C. § 1692k(a)(3). (Again, Goodmann is an attorney proceeding *pro se*, and thus is not entitled to attorneys fees. *Kay v. Ehrler*, 499 U.S. 432 (1991).)

Goodmann alleges that he is entitled to more than $1,000 from the debt collectors because he has alleged five separate statutory violations. We agree with Appellees that 15 U.S.C. § 1692k(a)(2)(A) is best read as limiting statutory damages to $1,000 per successful court action. *See* 15 U.S.C. § 1692k(a) ("[A]ny debt collector who fails to comply with any provision of this title . . . is liable to such person in an amount equal to the sum of . . . in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $ 1,000."); *see also Wright v. Fin. Serv. of Norwalk*,

5

*Inc.*, 22 F.3d 647, 650-51 (6th Cir. 1994) (en banc) ("Congress certainly knows how to write statutes that make each separate violation subject to a separate penalty, or even that make each separate day of a violation a separate offense subject to a separate penalty. There is no such intimation, however, anywhere in the actual language of 15 U.S.C. § 1692k(a)(2)(A), elsewhere in the act, or in any of the surrounding legislative history.") (citations omitted); *Harper v. Better Bus. Servs., Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992)  ("The FDCPA does not on its face authorize additional statutory damages of $1,000 per violation of the statute, of $1,000 per improper communication, or of $1,000 per alleged debt.  If Congress had intended such limitations, it could have used that terminology.").  In this action, the maximum statutory award the District Court could have granted was $1,000 and the debt collectors offered that amount.

As Appellees offered $900 and $1,000 respectively, the only remaining question is whether the terms of their offers included the "reasonable Court costs" sought by Goodmann under the applicable statutes.  The debt collectors offered to pay the "actual costs for the filing fee of the complaint in the U.S. District Court and [the] actual costs for service of the summons and complaint against these defendants."  The Bank offered to pay "actual costs for service of the summons and complaint upon the defendant."  The offers promised to pay the recoverable costs sought by Goodmann in his complaint.

It is clear that the offers presented by the Appellees encompassed the entirety of the costs of the action sought by Goodmann.  The Appellees presented "an offer for the entirety of a plaintiff's claim," *Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir.

6

2004), and Goodmann's refusal (by not responding within 10 days) deprived the District Court of subject matter jurisdiction over the case.[1]

## CONCLUSION

For the reasons set forth above, the offer presented to Goodmann was an offer for the entirety of his claims, and accordingly his refusal mooted his claim. The order of the District Court will be AFFIRMED.

_____

---

[1] Goodmann also claims on appeal that Appellees' Answer to the Complaint was inappropriately vague and conclusory; for the reasons provided by the District Court this claim is without merit.