Larry OVERCASH, Plaintiff,

v.

UNITED ABSTRACT GROUP, INC. and American Credit & Collection, LLC, Defendants.

No. 07–cv–1097 (GLS–RFT).

United States District Court, N.D. New York.

March 10, 2008.

Office of Richard L. DiMaggio, Richard L. DiMaggio, Jr., Esq., of Counsel, Glenville, NY, for the Plaintiff.

No Appearance, for the Defendants.

### DECISION AND ORDER

GARY L. SHARPE, District Judge.

#### I. *Introduction*

In this suit brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"),

15 U.S.C. § 1692 *et seq.*, plaintiff Larry Overcash moves for a default judgment against defendants United Abstract Group, Inc. ("United Abstract") and American Credit & Collection, LLC ("American Credit"). For the reasons that follow, the court grants the requested default judgment.

## II. *Facts* [1]

Overcash commenced this action on October 17, 2007, asserting claims under the FDCPA and common law negligence. (*See generally* Compl.; Dkt. No. 1.) The suit arose out of an allegedly delinquent credit card account that Overcash maintained with Chase Bank USA, NA ("Chase"). In 2002, Chase sold the debt—at that time, worth $1,353.15—to United Abstract, a debt collection agency. Subsequently, for reasons that are left unexplained, United Abstract issued a letter to Overcash indicating that the debt was paid in full. In spite of this representation, the debt was sold and resold several more times until it landed in the hands of American Credit. American Credit then issued a letter to Overcash demanding repayment not in the original amount of $1,353.15, but rather in the amount of $41,701.58. Additionally, American Credit took action resulting in the debt of $41,701.58 being reflected on Overcash's credit report. On the basis of the misrepresentations of United Abstract and American Credit, as well as their false and deceptive debt collection practices, Overcash seeks statutory damages, costs, and attorney's fees.

When United Abstract and American Credit failed to respond to the Complaint, Overcash filed requests for an entry of default against both parties. (Dkt. Nos. 5, 7.) On November 26, 2007, the Clerk entered the requested defaults as to United Abstract and American Credit. (Dkt. No. 8.) Overcash now moves for a default judg-

ment awarding him: (1) statutory damages of $2,000; (2) attorney's fees of $2,750; and (3) costs of $405. (*See* Dkt. No. 9.)

## III. *Discussion*

### A. *Liability*

The entry of a default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure is committed to the sound discretion of the court. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir.1993). In determining whether a default judgment is warranted, the court may consider a variety of factors, including, *inter alia*, the amount of money involved, whether the default is largely technical, whether the grounds for default are clearly established, and whether the default was caused by a good faith mistake or excusable neglect. *See* 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed.1998); *Peryea v. Carter's Trucking & Blacktopping, Inc.*, No. 97–cv–461, 1998 WL 743713, at *1 (N.D.N.Y. Oct. 15, 1998) (applying factors). In this case, each of the above-referenced factors militates in favor of the entry of a default judgment. The amount of money at stake is small, the default is clearly-established and is more than a technicality, and, in light of the defendants' failure to make any appearance in this action in spite of ample notice, the default is not the result of excusable neglect. Thus, the entry of a default judgment is appropriate.

It is well settled that "a party's default is deemed to constitute a concession of all well pleaded allegations of liability." *Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir.1992); *see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir.1997) ("It is, of course, ancient

---

1. The court accepts as true the factual allegations in the Complaint, except those relating to damages. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir.1981).

learning that a default judgment deems all the well-pleaded allegations in the pleadings to be admitted."). Accordingly, the court deems the following to be conceded: (1) that the defendants are "debt collectors" as that term is used in the FDCPA; (2) that United Abstract misrepresented the status of Overcash's debt in violation of 15 U.S.C. § 1692e(2) when it issued a letter indicating the debt was paid in full; (3) that United Abstract misrepresented the status of the debt again when it resold the account; (4) that American Credit placed information on Overcash's credit report that it knew or should have known was inaccurate in violation of 15 U.S.C. § 1692e(8); (5) that American Credit attempted to collect an inappropriate and excessive fee in violation of 15 U.S.C. § 1692e; and (6) that defendants used false and deceptive means to collect on a debt in violation of 15 U.S.C. § 1692e(10).

## B. *Damages*

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup,* 973 F.2d at 158. Therefore, even upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir.1999). To award damages, it is not necessary for a court to hold a hearing; instead, a court may rely upon affidavits and documentary evidence. *See Fustok v. ContiCommodity Servs., Inc.,* 873 F.2d 38, 40 (2d Cir.1989); *Action S.A. v. Marc Rich & Co., Inc.,* 951 F.2d 504, 508 (2d Cir.1991) (Rule 55(b)(2) "allows but does not require the district judge to conduct a hearing.").

## 1. *Statutory Damages*

The FDCPA provides that, in addition to actual damages (which Overcash does not seek), "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to . . . such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a). "The decision on whether to award 'additional damages' and on the size of any such award is committed to the sound discretion of the district court." *Clomon v. Jackson,* 988 F.2d 1314, 1322 (2d Cir.1993). In exercising this discretion, the court should consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the extent to which such noncompliance was intentional, and other relevant factors . . . ." *Id.* (citing 15 U.S.C. § 1692k(b)).

In this case, each defendant violated the FDCPA on more than one occasion. Additionally, although there is no evidence of intent, the nature of the defendants' noncompliance is relatively egregious; United Abstract sold a debt which had already been repaid, and American Credit attempted to recover in excess of $41,000 on a debt originally worth only $1,353.15. Accordingly, in consideration of the frequency and nature of the noncompliance, the court awards the full amount of "additional damages" available under the statute: $1,000 per defendant.

At least one court has held that the FDCPA limits the total recovery of additional damages to $1,000. *See Dowling v. Kucker Kraus & Bruh, LLP,* No. 99–cv–11958, 2005 WL 1337442, at *3 n. 3 (S.D.N.Y. Jun. 6, 2005). By its terms, however, the statute does not impose such a limitation. The statute provides, in part, that "any debt collector . . . is liable" for additional damages not to exceed $1,000.

15 U.S.C. § 1692k(a). In other words, the limitation that the statute imposes is cast not in terms of the plaintiff's recovery, but in terms of the defendant's liability. Thus, in the case of multiple defendants, each may be liable for additional damages of up to $1,000. *See Ganske v. Checkrite, Ltd.,* No. 96–cv–0541, 1997 WL 33810208, at *5 (W.D.Wis. Jan. 6, 1997). As a corollary to this, United Abstract and American Credit are not jointly and severally liable for the full $2,000 in additional damages that the court imposes; rather, each is individually liable for $1,000 in additional damages.

### 2. *Attorney's Fees and Costs*

 Pursuant to 15 U.S.C. § 1692k(a)(3), a prevailing plaintiff is entitled to the costs of her FDCPA action, as well as a reasonable attorney's fee. *See Jacobson v. Healthcare Fin. Servs., Inc.,* 516 F.3d 85, 95 (2d Cir.2008) ("The FDCPA provides for fee-shifting as a matter of course to successful plaintiffs ....") (publication pending). In determining an appropriate attorney's fee, courts within the Second Circuit apply the "presumptively reasonable fee analysis." *Porzig v. Dresdner, Kleinwort, Benson, North America LLC,* 497 F.3d 133, 141 (2d Cir. 2007). This analysis "involves determining the reasonable hourly rate for each attorney and the reasonable number of hours expended, and multiplying the two figures together to obtain the presumptively reasonable fee award." *Id.* (citations omitted).

 Overcash seeks attorney's fees for 11 hours of work at a rate of $250 per hour. The requested hourly rate is reasonable, and is in line with approved rates in other recent FDCPA cases. *See Baruch v. Healthcare Receivable Mgmt., Inc.,* No. 05–cv–5392, 2007 WL 3232090, at *5 (E.D.N.Y. Oct. 30, 2007) ($350 per hour); *Fontana v. C. Barry & Assocs., LLC,* No. 06–cv–359, 2007 WL 2580490, at *3 (W.D.N.Y. Sept. 4, 2007) ($200 per hour); *Mahon v. GC Servs. Ltd. P'Ship,* No. 07–cv–44, 2007 WL 1879697, at *2 (W.D.N.Y. Jun. 28, 2007) ($200 per hour); *Dowling v. Kucker Kraus & Bruh, LLP,* No. 99–cv–11958, 2005 WL 1337442, at *8 (S.D.N.Y. Jun. 6, 2005) ($200 per hour); *Pinkham v. Prof'l Claims Bureau, Inc.,* 367 F.Supp.2d 338, 340 (E.D.N.Y.2005) ($250 per hour). Additionally, the hours expended were not excessive. Accordingly, the court awards the requested attorney's fees, in a total amount of $2,750. Additionally, Overcash is awarded costs of $405. United Abstract and American Credit are jointly and severally liable for these fees and costs.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Overcash's Motion for Judgment (Dkt. No. 9) is GRANTED; and it is further

**ORDERED** that the Clerk of the Court shall enter judgment in favor of Overcash and against United Abstract and American Credit in the amount of $5,155, which amount consists of attorney's fees and costs totaling $3,155 for which the defendants are jointly and severally liable, and statutory damages of $1,000 per defendant; and it is further

**ORDERED** that the Clerk provide copies of this Order to the parties.

**IT IS SO ORDERED.**