Manion, Circuit Judge.
Iwona Portalatin allegedly owed $1,330.75 in consumer debt. In October 2013 the law firm of Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt") on behalf of its client Midland Funding, LLC ("Midland") filed a debt-collection suit against Portalatin in downtown Chicago at the Richard J. Daley Center Courthouse, which serves the Circuit Court of Cook County's First Municipal District. Our then-governing precedent interpreting the Fair Debt Collection Practices Act ("FDCPA") allowed Blatt to file suit against Portalatin in that forum even though at the time of filing she lived in the Fourth Municipal District, served by the Maywood Courthouse.
But in July 2014, we overruled our precedent and held the FDCPA requires debt collectors to file suits in the smallest venue-relevant geographic unit where the debtor signed the contract or resides at commencement of suit. Suesz v. Med-1 Solutions , 757 F.3d 636, 638 (7th Cir.2014). This meant Blatt should have filed Midland's suit in the Fourth Municipal District where Portalatin lived. Blatt quickly complied with Suesz , but because we made our ruling retroactive, Blatt's earlier filing was frozen in place for purposes of FDCPA liability. As a result, Portalatin sued Blatt and Midland for violating the FDCPA, and she sued Midland for violating the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA").
Eventually, Portalatin settled with Midland and expressly abandoned all claims against Blatt except her claim for FDCPA statutory damages. Blatt moved for relief on various grounds, including an argument that Portalatin's settlement with Midland mooted her claim for FDCPA statutory damages against Blatt. The district court denied these motions. The jury awarded Portalatin $200 in statutory damages against Blatt. For this achievement, the court awarded Portalatin $69,393.75 in attorney's fees and $772.95 in costs against Blatt. Blatt appeals. We conclude the settlement with Midland mooted Portalatin's claim for FDCPA statutory damages against Blatt. As a result, the district court should have dismissed her claim, and she is not entitled to attorney's fees or costs from Blatt.
I. Background
The FDCPA requires a debt collector in the circumstances relevant here to bring a legal action "only in the judicial district or similar legal entity" where the debtor signed the contract or resides at commencement of the action. 15 U.S.C. § 1692i(a)(2). In 1996, we interpreted "judicial district" to mean (in Illinois) a Circuit Court, and not its municipal subdivisions. Newsom v. Friedman , 76 F.3d 813, 818-19 (7th Cir.1996), overruled by Suesz , 757 F.3d 636. In particular, we held the Circuit Court of Cook County, and not its municipal subdivisions, was a "judicial district." Id. This meant a debt collector could *381 file suit in downtown Chicago so long as the debtor resided anywhere in Cook County at commencement of the action.
In October 2013, Midland, through Blatt, filed an action against Iwona Portalatin in the Circuit Court of Cook County's First Municipal District (in downtown Chicago) to recover credit card debt. Portalatin lived in the Fourth Municipal District at filing. There is no dispute that both Midland and Blatt are debt collectors under the FDCPA. In April 2014, the state court entered default judgment for Midland for $1,330.75.
But in July 2014, we overruled Newsom and held "judicial district or similar legal entity" in § 1692i means "the smallest geographic area that is relevant for determining venue in the court system in which the case is filed," and we made that holding retroactive. Suesz , 757 F.3d at 638, 649-50. Blatt claims it "changed the venues for filing collection actions" and "was conforming to this Court's new interpretation of the FDCPA's venue provision the day after the Suesz decision came down." (Appellant's Br., No. 17-3335 at 15-17.) Portalatin does not dispute this claim.
In October 2014, Portalatin sued Blatt and Midland in federal court. She claimed they violated the FDCPA by suing her in the wrong forum, and she sought statutory damages,[1] actual damages, costs, and attorney's fees from them under the FDCPA. She also claimed Midland violated the ICFA, and she sought actual damages, punitive damages, costs, and attorney's fees from Midland under the ICFA. Portalatin and Midland settled for $5,000 plus release of the underlying debt of $1,330.75.[2] The settlement agreement did not apportion any of the settlement funds to any particular claims, although it did say each party bears its own costs and attorney's fees. In August 2015, the district court entered summary judgment for Portalatin on Blatt's affirmative defense, concluding Blatt was not entitled to the bona fide error defense in 15 U.S.C. § 1692k(c).
In September 2015, Portalatin expressly abandoned her claim for actual damages against Blatt; her attorney stated in open court that they were only seeking statutory damages.
Blatt moved for dismissal, arguing the settlement with Midland mooted Portalatin's claims against Blatt under the single-satisfaction rule. In November 2015, the district court denied that motion. So Portalatin and Blatt went to trial later that month solely for statutory damages. Portalatin asked for $1,000, the maximum statutory damages. The jury awarded her $200. Blatt then moved to alter or amend the judgment pursuant to Rule 59(e) or to grant relief from the judgment pursuant to Rule 60(b)(5) on the grounds that the award for statutory damages must be set off or deemed satisfied by Portalatin's settlement with Midland. The district court denied that motion as well.
In July 2017, we held that a debt collector who violated the FDCPA cannot avoid liability on the ground it relied on Newsom as controlling precedent. Oliva v. Blatt, Hasenmiller, Leibsker & Moore , 864 F.3d 492, 494 (7th Cir.2017), cert. denied , --- U.S. ----, 138 S.Ct. 1283, 200 L.Ed.2d 469 (2018). We confined the bona fide error safe harbor provided by § 1692k(c) to factual and clerical errors, and excluded legal errors. Id. at 499. We noted that although *382 defendant had no safe-harbor defense, plaintiff's damages might still be limited by the statute: "[I]n determining damages for a violation where the safe harbor is not available, the court 'shall consider, among other relevant factors ... the extent to which such noncompliance was intentional.' " Id. at 500.
In October 2017, the district court awarded Portalatin $69,393.75 in attorney's fees and $772.95 in costs against Blatt, because she prevailed by winning $200 at trial.
Blatt pursues two appeals, consolidated before us. It challenges the statutory-damages award, arguing Portalatin received all possible compensation through her settlement with Midland, thus mooting her action against Blatt. Alternatively, it argues it is entitled to a setoff based on the settlement agreement. Blatt also challenges the award of attorney's fees and costs, arguing it falls with the mootness of the statutory-damages claim. Blatt also argues the district court failed to consider the most critical factor in calculating the award: Portalatin's level of success. Blatt claims the district court punished it for choosing to defend. Blatt also argues the district court failed to consider Blatt's good faith as a mitigating factor in setting the fee award.
II. Discussion
A. Mootness
1. Analysis
Blatt appeals from the denials of his motion to dismiss and his post-trial motion.[3] We review a legal issue pertaining to denial of a motion to dismiss de novo . We review denial of a motion to alter or amend a judgment, and denial of a motion for relief from judgment,[4] for abuse of discretion. Of course, a manifest error of law or fact can be an abuse of discretion. In particular, the issue of "[w]hether a case has been rendered moot is a question of law that we review de novo ." Fed'n of Advert. Indus. Reps. v. City of Chi. , 326 F.3d 924, 928-29 (7th Cir.2003) (citation omitted).
Blatt argued in its motion to dismiss that the settlement with Midland satisfied Portalatin's claim against Blatt, rendering that claim moot or, alternatively, entitling Blatt to a setoff. Blatt noted the terms of the settlement expressly resolved all claims, which the agreement defined broadly. The district court denied the motion to dismiss, reasoning it did not need to decide whether two recoveries of statutory damages-one from each Defendant-were possible "because there were plenty of actual damages and attorneys' fees ... that would be greater than the amount that was paid in settlement by Midland. And so when you're trying to figure out how this is best allocated and whether it moots the rest of the case, I don't think it does ...." (Trans. Hearing Nov. 23, 2015, App. 014.)
Blatt echoed its arguments in its post-trial motion, where it maintained entitlement to a setoff or the benefit of satisfaction due to the settlement. The district court denied the post-trial motion because Portalatin sought various forms of recovery from Midland which she did not seek *383 from Blatt at trial. For example, Portalatin pursued claims against Midland for FDCPA actual damages, ICFA actual damages, and ICFA punitive damages. But Portalatin never pursued ICFA claims against Blatt, and before trial Portalatin expressly abandoned all claims against Blatt except her claim for FDCPA statutory damages. So, reasoned the district court, even if the FDCPA permits only one recovery of statutory damages from multiple defendants, Portalatin's settlement with Midland "is reasonably attributable to other types of relief, some of which she did not seek against Blatt (actual and punitive damages under the ICFA)." Portalatin v. Blatt, Hasenmiller, Leibsker & Moore , No. 14-CV-8271, 2016 WL 693208, at *3 (N.D. Ill. Feb. 20, 2016). The district court concluded the settlement with Midland and the $200 judgment against Blatt were not double recoveries, and no setoff was required.
We disagree. The court erred by not dismissing the statutory-damages claim as moot. Federal courts have only limited jurisdiction. U.S. Const. art. III, § 2, cl. 1. "Under Article III of the Constitution, the judicial power of the United States extends only to cases and controversies." Wis. Right to Life v. Schober , 366 F.3d 485, 488 (7th Cir.2004). Jurisdiction requires "an actual controversy ... at all stages of review, not merely at the time the complaint is filed." Campbell-Ewald Co. v. Gomez , --- U.S. ----, 136 S.Ct. 663, 669, 193 L.Ed.2d 571 (2016) (internal quotation marks omitted). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during the litigation, the action can no longer proceed and must be dismissed as moot." Genesis Healthcare Corp. v. Symczyk , 569 U.S. 66, 72, 133 S.Ct. 1523, 185 L.Ed.2d 636 (2013). A settlement may moot a case. See Wegscheid v. Local Union 2911 , 117 F.3d 986, 991 (7th Cir.1997) ("The case became moot when the settlement of the count ... gave the plaintiffs all the relief they sought ...."). Moreover, "the prospect of an award of attorneys' fees does not create a justiciable controversy if nothing else is at stake in the litigation." Crabill v. Trans Union, LLC , 259 F.3d 662, 666 (7th Cir.2001). The party asserting mootness generally bears the burden of persuasion. Wis. Right to Life , 366 F.3d at 491.
Generally, a plaintiff is only entitled to a single recovery for a single injury, regardless of how many defendants could be liable for that single injury, or how many different theories of recovery could apply to that single injury. See Swanigan v. City of Chi. , 881 F.3d 577, 582 (7th Cir.2018) ("Federal common law prevents § 1983 plaintiffs from recovering twice for the same injury."); Janusz v. City of Chi. , 832 F.3d 770, 774 (7th Cir.2016) ("Janusz has brought claims under both federal and Illinois law, and in both jurisdictions, a tort victim can obtain only one recovery for his harm, no matter how many tortfeasors inflicted it.") (internal quotation marks and brackets omitted); Duran v. Town of Cicero, Ill. , 653 F.3d 632, 640 (7th Cir.2011) ("[D]amages are not assessed by defendant or by claim but for an injury.") (internal quotation marks omitted); Thornton v. Garcini , 237 Ill.2d 100, 340 Ill.Dec. 557, 928 N.E.2d 804, 811 (2010) ("A plaintiff may ... receive only one full compensation for his or her injuries, and double recovery for the same injury is not allowed."). Once a plaintiff settles with one defendant for the full relief available for a single, indivisible injury, the plaintiff generally cannot pursue a claim for the same injury against a different defendant; the settlement renders such a claim moot.
*384 Portalatin does not dispute that her suit arises out of a single violation of the FDCPA: filing a debt-collection suit in the wrong courthouse. Nor does she dispute that her claimed harm-having to defend herself in the wrong courthouse-is indivisible between the two Defendants. Nor does she dispute that the two Defendants acted in concert at all relevant times. Neither acted independently of the other. Blatt filed and maintained the debt-collection suit in the wrong courthouse on behalf of Midland. Portalatin does not allege Blatt took any ultra vires actions. Rather, she admits "plaintiff's claims stem from the same conduct" and "plaintiff's claims arise from a single, indivisible act." (Appellee's Br., No. 16-1578 at 6, 10.)
When a plaintiff wants to settle with one defendant but maintain a claim against another defendant, one possibility is for the plaintiff to allocate all the funds in such a way as to maximize recovery against the non-settling defendant, if this is possible in good faith. See Johnson v. Belleville Radiologists, Ltd. , 221 Ill.App.3d 100, 163 Ill.Dec. 596, 581 N.E.2d 750, 755 (1991). But here, Portalatin did not allocate the settlement funds (other than to say each party bears its own costs and attorney's fees). When she settled with Midland, she agreed to dismiss all her claims against Midland in exchange for $5,000, and Midland agreed to release Portalatin from all claims related to the underlying debt. She failed to allocate any particular funds to any particular claims. Indeed, far from allocating, the settlement agreement says it encompasses and resolves all claims arising out of the facts alleged in or capable of being alleged in this federal action. Therefore, Blatt is relieved of the burden of proving which funds satisfy which claims. See Patton v. Carbondale Clinic, S.C. , 161 Ill.2d 357, 204 Ill.Dec. 203, 641 N.E.2d 427, 433 (1994) ("[W]here a plaintiff recovers for several injuries in a previous lawsuit and fails to apportion damages accordingly, a subsequent defendant should not bear the burden of proving what portion of the plaintiff's previous settlement should be set-off or be denied a setoff."); U.S. Indus. v. Touche Ross & Co. , 854 F.2d 1223, 1262 (10th Cir.1988) ("[A]ny ambiguity in the agreements as to the proper allocations of the settlement amounts was due solely to the failure of USI and the settling defendants to clearly articulate the injury each specific allocation was intended to compensate. To hold that, as a result of that ambiguity, the defendants would not be entitled to credit for any of the settlement amounts would be to reward USI for constructing an ambiguous settlement agreement."), overruled on other grounds as recognized by Anixter v. Home-Stake Prod. Co. , 77 F.3d 1215, 1231 (10th Cir.1996). A settling plaintiff, after all, is generally in a better position than a non-settling defendant to ensure a settlement agreement properly allocates funds.
Under Illinois law, absent express allocation, "[w]here a promise on one side is supported by several promises on the other, the single promise will provide consideration for all the promises." Wodziak v. Kash , 278 Ill.App.3d 901, 215 Ill.Dec. 388, 663 N.E.2d 138, 148 (1996) (citing Patton , 204 Ill.Dec. 203, 641 N.E.2d at 434 ). Therefore, Portalatin's claim for FDCPA additional damages-which is capped at $1,000 as discussed below-is fully covered by the settlement funds of $5,000. The district court erred by attributing the funds to other claims to the exclusion of FDCPA additional damages.[5]
*385 2. Separate awards of additional damages?
Still, Portalatin's claim for FDCPA additional damages from Blatt could potentially survive mootness despite the lack of allocation in the settlement agreement if separate awards of additional damages each capped at $1,000 are recoverable from each Defendant based on a single incident and a single, indivisible injury. There is no precedent in this circuit directly on point. We start with the FDCPA's plain language:
(a) Amount of damages
Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of-
(1) any actual damage sustained by such person as a result of such failure;
(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000 ....
15 U.S.C. § 1692k(a).
The word "action" limits the additional damages, capping them at $1,000 per action, not per violation and not per defendant. See Harper v. Better Bus. Servs., Inc. , 961 F.2d 1561, 1563 (11th Cir.1992) ("Because Congress instead chose to write that additional damages would be limited to $1,000 per 'action,' we agree with the district court that 'the plain language of section 1692k(a)(2)(A) provides for maximum statutory damages of $1,000.' "); Smith v. Greystone All., LLC , 772 F.3d 448, 449 (7th Cir.2014) ("Statutory damages are subject to a cap of $1,000 per suit, 15 U.S.C. § 1692k(a)(2)(A), no matter how many violations of the Act a given debt collector commits.").
Also, the actual-damages provision mirrors the additional-damages (also known as "statutory damages") provision. There is no doubt actual damages for the same single, indivisible injury are not multiplied by the number of defendants. This tends to suggest the additional damages provided in the parallel clause also are not multiplied by the number of defendants.
Moreover, we construe statutes in derogation of the common law strictly and narrowly. Haven v. Polska , 215 F.3d 727, 731 (7th Cir.2000). A statute may abrogate common law by clear and express terms. United States v. Texas , 507 U.S. 529, 534, 113 S.Ct. 1631, 123 L.Ed.2d 245 (1993) ("In order to abrogate a common-law principle, the statute must 'speak directly' to the question addressed by the common law."). Here, the availability of additional damages is clearly a creature of statute, but the statute, construed strictly and narrowly, provides no clear, express basis to extend additional damages beyond *386 the common-law single-recovery rule. See Swanigan , 881 F.3d at 582 ; Janusz , 832 F.3d at 774.
Congress could have said a plaintiff may recover additional damages on a "per defendant" basis, but it did not. For example, in the Freedom of Access to Clinic Entrances Act ("FACE") Congress said any person aggrieved by a violation of FACE could elect "to recover, in lieu of actual damages, an award of statutory damages in the amount of $5,000 per violation." 18 U.S.C. § 248(c)(1)(B). But Congress also said that in a civil action brought by the Attorney General under FACE the court "may also assess a civil penalty against each respondent " up to certain amounts. 18 U.S.C. § 248(c)(2)(B) (emphasis added). Courts have recognized this linguistic distinction and refused to allow FACE statutory damages on a per-defendant basis. See United States v. Gregg , 226 F.3d 253, 258 (3d Cir.2000) ; Milwaukee Women's Med. Servs., Inc. v. Brock , 2 F.Supp.2d 1172, 1178 (E.D. Wisc. 1998).
Therefore, we conclude FDCPA additional damages are not multiplied by the number of defendants where the plaintiff suffered an indivisible harm caused by defendants who did not violate the FDCPA independently of each other.[6] This comports with our precedent. See Oliva , 864 F.3d at 498 ("Remedies include actual damages, statutory damages up to $1000 per violation, and attorney fees."); Smith , 772 F.3d at 449 ("Statutory damages are subject to a cap of $1,000 per suit ... no matter how many violations of the Act a given debt collector commits."). This conclusion also comports with those of our sister circuits. See Goodmann v. People's Bank , 209 Fed.Appx. 111, 114 (3d Cir.2006) ("We agree with Appellees that 15 U.S.C. § 1692k(a)(2)(A) is best read as limiting statutory damages to $1,000 per successful court action."); Peter v. GC Servs., L.P. , 310 F.3d 344, 352 n.5 (5th Cir.2002) ("[D]amages for violation of the FDCPA in § 1692k are limited to actual damages, plus maximum statutory damages of $1000 per action , not per violation ...."); Wright v. Fin. Serv. of Norwalk, Inc. , 22 F.3d 647, 651 (6th Cir.1994) ("Congress intended to limit 'other damages' to $1,000 per proceeding, not to $1,000 per violation."); Harper , 961 F.2d at 1563 ("[T]he plain language of section 1692k(a)(2)(A) provides for maximum statutory damages of $1,000.") (internal quotation marks omitted).[7]
*387 As Portalatin was only entitled to one recovery of FDCPA additional damages capped at $1,000 for her indivisible injury, her settlement with Midland mooted this claim against Blatt, and the district court should have dismissed it.[8]
B. Attorney's fees and costs
The district court concluded Portalatin was a prevailing party-and therefore entitled to an award of attorney's fees and costs under 15 U.S.C. § 1692k(a)(3) -because she won summary judgment on the issue of liability and won an award of $200 in statutory damages. But when she settled with Midland, her claim against Blatt for statutory damages became moot, and the district court should have dismissed it. She prevailed at trial, but she should not have reached trial. Therefore, Portalatin is not entitled to an award of attorney's fees or costs against Blatt.[9] ,[10]
III. Conclusion
We REVERSE the district court's denials of Blatt's motions regarding mootness.[11] The settlement with Midland rendered Portalatin's claim for statutory damages against Blatt moot, and as a result *388 Portalatin is not entitled to awards of statutory damages, attorney's fees, or costs against Blatt. We VACATE the judgments against Blatt and REMAND for further proceedings consistent with this opinion.

The FDCPA calls them "additional damages." 15 U.S.C. § 1692k(a)(2)(A). We use "statutory damages" and "additional damages" interchangeably.

Portalatin notified the district court on July 27, 2015, that she and Midland settled all claims between them and were completing the documentation.

"[T]he general rule is that rulings on interlocutory orders are encompassed within a subsequent final judgment and may be reviewed as part of that judgment ...." Sere v. Bd. Trs. Univ. Ill. , 852 F.2d 285, 288 (7th Cir.1988).

"The only question raised in a Rule 60(b) appeal is whether the trial court abused its discretion by refusing to grant the extraordinary relief recognized in that rule ...." Gleason v. Jansen , 888 F.3d 847, 851-52 (7th Cir.2018).

Portalatin made a glancing reference to Illinois' Joint Tortfeasor Contribution Act ("JTCA") without developing argument for its direct or analogous application. Therefore, this argument is forfeited. In any event, the JTCA provides that a release given in good faith to one person liable in tort does not discharge another tortfeasor from liability for the same injury unless the terms of the release say so, but the release "reduces the recovery on any claim against the others to the extent of any amount stated in the release or the covenant, or in the amount of the consideration actually paid for it, whichever is greater." 740 ILCS 100/2(c) ; see Donovan v. Robbins , 752 F.2d 1170, 1178 (7th Cir.1985) (Even if there is no right of contribution, "[s]ince a plaintiff's total recovery, from all the tortfeasors together, is not allowed to exceed his total damages, the amount that the nonsettling defendants will have to pay will be smaller, the larger the settlement is.") (internal citations omitted); Wodziak , 215 Ill.Dec. 388, 663 N.E.2d at 147-48 (allowing reduction of award by amount received in prior settlement, under the JTCA); Patton , 204 Ill.Dec. 203, 641 N.E.2d at 434 ("Where a promise on one side is supported by several promises on the other, the single promise will provide consideration for all promises.").

Portalatin heavily relies on Strasters v. Weinstein & Riley, P.S. , No. CV-10-3070, 2011 WL 3320583 (E.D. Wash. Aug. 2, 2011), to support her argument that she is entitled to separate statutory-damages awards from each Defendant. Strasters in turn relied on Overcash v. United Abstract Grp., Inc. , 549 F.Supp.2d 193, 196 (N.D.N.Y. 2008) and Jones v. Invest. Retrievers, LLC , No. 3:10-CV-1714, 2011 WL 1565851 (M.D. Pa. Apr. 25, 2011). These three cases allowed recovery of additional damages on a per-defendant basis on the ground that "the FDCPA's statutory damages are 'cast not in terms of the plaintiff's recovery, but in terms of the defendant's liability.' " Strasters , 2011 WL 3320583 at *3 (quoting Overcash , 549 F.Supp.2d at 197 ). Overcash explains the textual analysis ostensibly supporting this conclusion: "The statute provides, in part, that 'any debt collector ... is liable' for additional damages not to exceed $1,000." Overcash , 549 F.Supp.2d at 196. But this quote shows the blind spot in the analysis. The phrase "any debt collector ... is liable" in § 1692k(a) applies equally to the "actual damage" provision in § 1692k(a)(1) as it does to the "additional damages" provision in § 1692k(a)(2)(A). Overcash leapfrogs over the "actual damage" provision. But as we already noted, there is no dispute that actual damages are not recoverable on a per-defendant basis. Moreover, Overcash involved multiple defendants separately attempting to collect a debt, and each violating the FDCPA multiple times. Therefore, these cases do not help Portalatin.

Our conclusion also comports with the reasoning of numerous district courts. See Green v. Monarch Recovery Mgmt. , No. 1:13-CV-418, 2013 WL 5203809, at *2 (S.D. Ind. Sept. 16, 2013) ("the maximum statutory damages for this suit is $1,000 total, not per defendant"); Martinez v. Scott , No. H-10-1619, 2011 WL 3566970, at *5 (S.D. Tex. Aug. 12, 2011) ("While individual plaintiffs can each recover $1,000 in statutory damages for FDCPA violations, they cannot recover this amount from each defendant."); Morgan v. Acct. Collection Tech., LLC , No. 05-CV-2131, 2006 WL 2597865, at *3 (S.D.N.Y. Sept. 6, 2006) ("[S]ection 1692k(a)(2)(A) creates a ceiling that limits the damages an individual plaintiff can receive per proceeding , not per defendant."); Dowling v. Kucker Kraus &Bruh, LLP , No. 99-CIV-11958, 2005 WL 1337442, at *3-4 (S.D.N.Y. June 6, 2005).

We note there are other grounds, rooted in the plain language of the settlement agreement, on which Blatt might have prevailed in these consolidated appeals. But because the settlement agreement is under seal at Midland's request, and because Blatt did not develop these other grounds on appeal, we will not discuss them. All references to the settlement agreement in this opinion stem from the parties' appellate briefs, which are in the public record, and which no one asked us to strike or seal.

Blatt devotes a section of its initial brief in the fee appeal (No. 17-3335) to the argument that the fee award must be vacated because Portalatin's settlement with Midland mooted the case against Blatt. In her response brief in the fee appeal, Portalatin puzzles why Blatt "rehashes" arguments, and Portalatin purports to incorporate her additional-damages response brief (No. 16-1578). But Portalatin does not directly or fully respond to Blatt's argument that the mootness of the claim for additional damages means she is not entitled to an award of attorney's fees or costs, and she therefore forfeited any pertinent arguments.

Section 1692k(b)(1) requires a court to consider the following factors in determining the amount of liability: "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1) ; Oliva , 864 F.3d at 500. Given the isolated and minimal nature of the noncompliance by Blatt with respect to Portalatin, given Blatt's lack of intent to violate the FDCPA, and given Blatt's quick correction after Suesz , the court might have been within its discretion in awarding attorney's fees and costs to Blatt under § 1692k(a)(3) if the court concluded Portalatin's claim against Blatt was "in bad faith and for the purpose of harassment," particularly when she persisted in her claim after settling with Midland, even though Blatt is not entitled to the bona fide error defense in § 1692k(c) under Oliva .

We have sympathy for the district judge. He sagaciously tried to encourage the parties to resolve this case, but they would not agree. As a result, this unique case generated further attorney's fees and costs, and imposed on limited judicial resources, without ultimately benefitting the debtor, which was supposed to have been the FDCPA's goal.