In the

# United States Court of Appeals
### For the Seventh Circuit

_____

No. 14-1758

TARA SMITH,

*Plaintiff-Appellant,*

*v.*

GREYSTONE ALLIANCE, LLC,

*Defendant-Appellee.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 09 C 5585 — **Thomas M. Durkin**, *Judge.*

_____

ARGUED NOVEMBER 3, 2014 — DECIDED NOVEMBER 13, 2014

_____

Before WOOD, *Chief Judge*, and EASTERBROOK and
HAMILTON, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Contending that Greystone
Alliance, a debt collector, violated the Fair Debt Collection
Practices Act, 15 U.S.C. §§ 1692–92p, Tara Smith commenced
this federal suit. The details of her claim do not matter. All
we need to decide is whether she is entitled to disposition on
the merits.

Judge Hibbler, to whom the suit was initially assigned, certified it as a class action, 2010 U.S. Dist. LEXIS 67365 (N.D. Ill. June 30, 2010), but after ruling in Smith's favor on one of her two substantive theories, 2011 U.S. Dist. LEXIS 35283 (Mar. 29, 2011), changed his mind and decertified the class, 2011 U.S. Dist. LEXIS 150300 (Dec. 30, 2011). Following Judge Hibbler's death, the suit was transferred to Judge Shadur, who recertified the class in order to toll the statute of limitations for its members, 2012 U.S. Dist. LEXIS 51930 (Apr. 13, 2012), but later agreed with Judge Hibbler that class treatment is unwarranted and decertified the class once again (order of Oct. 16, 2012). In 2013 the suit was transferred to Judge Durkin, who dismissed it, ruling that it had been moot since November 2009, when Greystone offered Smith $1,500 plus costs and attorneys' fees. 2014 U.S. Dist. LEXIS 36512 (Mar. 20, 2014). This is the decision now on appeal.

Smith seeks both statutory damages (a form of penalty) and compensatory damages for mental distress. Statutory damages are subject to a cap of $1,000 per plaintiff per suit, 15 U.S.C. §1692k(a)(2)(A), no matter how many violations of the Act a given debt collector commits. Judge Durkin then concluded that Smith could not hope to recover even $500 as actual damages under §1692k(a)(1). This meant that the offer exceeded the potential recovery and extinguished the controversy.

The district judge called the suit "moot," which is imprecise. A suit is moot when relief is impossible, see *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013), and there's no doubt that a court could provide Smith with relief in the form of money damages. The problem, if there is one, is that an offer exceeding what the plaintiff could gain from the litigation

means that there is no "controversy" within the scope of Article III.

A controversy exists when the plaintiff wants more, or different, relief than the defendant is willing to provide. If A says that B has caused an injury of $100,000, and B offers $110,000 in recompense, A cannot spurn the offer and sue for $100,000. See, e.g., *Damasco v. Clearwire Corp.*, 662 F.3d 891, 895 (7th Cir. 2011). Once "the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate" and no controversy to resolve. *Rand v. Monsanto Co.*, 926 F.2d 596, 597–98 (7th Cir. 1991). In other words, "[y]ou cannot persist in suing after you've won." *Greisz v. Household Bank, N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999).

But if A demands $200,000, and B offers $110,000, there is a justiciable controversy even if B insists that A's legal entitlement is less than the offer. To know whether A's entitlement exceeds $110,000, the court would have to decide the merits. We held in *Johnson v. Wattenbarger*, 361 F.3d 991 (7th Cir. 2004), that a district judge cannot decide the merits of one claim, whittle down the amount in controversy, and then dismiss the suit as below the minimum for the diversity jurisdiction of 28 U.S.C. §1332. That conclusion is equally apt when the defendant proposes that the judge decide a part of the merits, whittle down the amount in dispute, and then dismiss the suit on the ground that a larger offer had been made. Yet that's what happened here. The judge decided that Smith's compensatory damages cannot exceed $500 and then dismissed the suit for want of jurisdiction, sending Smith home empty-handed. Deciding any part of the merits—and establishing the maximum amount of compensatory damages resolves part of the merits—is possible only if

there is jurisdiction. A court can't decide the merits and *then* dismiss for lack of jurisdiction.

*Gates v. Towery*, 430 F.3d 429 (7th Cir. 2005), put this point more generally by holding that a jurisdictional dismissal is proper only if the defendant offers more than the plaintiff's *demand*. If the plaintiff asks for the moon, only offering the moon extinguishes the controversy. An excessive demand may lead to sanctions for frivolous litigation but does not diminish the court's jurisdiction. A defendant cannot have the suit dismissed by making an offer limited to what it concedes the plaintiff is entitled to receive, even if the defendant happens to be right about its view of the plaintiff's entitlement, because deciding that entitlement resolves the merits. Smith wants more than $1,500; Greystone's offer did not satisfy her demand; this suit therefore cannot be dismissed for lack of jurisdiction.

A loss on the merits, or a small recovery, does not retroactively terminate federal jurisdiction. See *Bell v. Hood*, 327 U.S. 678 (1946). If Smith ultimately recovers less than the offer, then she may be required to pay Greystone's costs under Fed. R. Civ. P. 68(d). Cf. 28 U.S.C. §1332(b) (plaintiff who recovers less than the jurisdictional minimum in a diversity suit may be denied costs and ordered to pay the defendant's costs). But Smith will be entitled to a remedy (which, if she is right that Greystone violated the Act, is her actual damages plus a penalty as high as $1,000).

This conclusion makes it unnecessary to decide whether the right offer to consider is the one made in November 2009 ($1,500 for Smith, plus her costs and attorneys' fees, but nothing for the class, which had not yet been certified) or the one made in July 2010 ($1,000 for Smith, $1,150 for the class

as a whole, plus costs and attorneys' fees). Nor need we decide whether a Rule 68 offer can be used to terminate a class action (one had been certified in June 2010), given the judicial-approval requirement of Rule 23(e), which prevents the representative plaintiff from making a dispositive response to the offer. Nor need we decide whether to modify the judgment to be on the merits; even by the district judge's analysis, a judgment of $0 would be too low. (At all events, Greystone did not file a cross appeal.)

Finally, we need not decide whether to reconsider decisions such as *Damasco* in light of the view expressed by four Justices in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1533–34 (2013) (Kagan, J., dissenting), that an expired settlement offer never requires a suit's dismissal. We flagged that issue in *Scott v. Westlake Services LLC*, 740 F.3d 1124, 1126 n.1 (7th Cir. 2014), and need not address it today.

It is enough to reiterate the holding of *Gates*: a court must resolve the merits unless the defendant satisfies the plaintiff's demand. An offer that the defendant or the judge believes sufficient, but which does not satisfy the plaintiff's demand, does not justify dismissal.

The judgment is vacated, and the case is remanded for a decision on the merits.