In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-1559

HENRY HORIA,

*Plaintiff-Appellant,*

*v.*

NATIONWIDE CREDIT & COLLECTION, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 17-cv-08355 — **Andrea R. Wood**, *Judge.*

ARGUED DECEMBER 12, 2019 — DECIDED DECEMBER 18, 2019

Before BAUER, EASTERBROOK, and ST. EVE, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Nationwide Credit sent Henry Horia a letter seeking to collect a debt owed to Gottlieb Memorial Hospital. By return mail, Horia disputed the validity of this claim. The Fair Debt Collection Practices Act requires a debt collector such as Nationwide Credit that notifies a credit agency, such as Experian, about the debt to reveal whether the claim is disputed. 15 U.S.C. §1692e(8). Horia asserts in this suit that Nationwide Credit notified Ex-

perian about the debt but not about the dispute, injuring his credit rating and causing him mental distress.

Nationwide Credit has faced this kind of claim from Horia before. In his first suit Horia complained about a different letter that Nationwide Credit had sent, attempting to collect a different debt to a different creditor. That claim was disputed, and Horia asserted that Nationwide Credit had failed to notify Experian about the dispute. The suit was settled and dismissed with prejudice by agreement of the parties. Sixteen days later Horia filed this second suit.

Contending that Horia is gaming the system by seeking multiple recoveries for a single kind of wrong, Nationwide Credit asked the district court to dismiss on the ground of claim preclusion—the contemporary phrase for what used to be called res judicata and the doctrine of bar. See *Restatement (Second) of Judgments* §19 (1982). The district court granted that motion, ruling that Horia has split his claims impermissibly. 2018 U.S. Dist. LEXIS 127678 (N.D. Ill. July 31, 2018). The doctrine of bar forecloses repeated suits on the same claim, even if a plaintiff advances a new legal theory or a different kind of injury. See, e.g., *Migra v. Warren City School District Board of Education*, 465 U.S. 75 (1984); *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948). But, as §19 explains, bar applies only to "the same claim." Horia insists that he has sued on two claims, not one.

Federal law—which applies here because the first judgment was entered by a federal court, see *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001); *Taylor v. Sturgell*, 553 U.S. 880 (2008)—defines a "claim" by looking for a single transaction. See, e.g., *Herrmann v. Cencom Cable Associates, Inc.*, 999 F.2d 223, 226 (7th Cir. 1993); *Kratville v.*

*Runyon*, 90 F.3d 195, 198 (7th Cir. 1996). Usually this means all losses arising from the same essential factual allegations (sometimes called a common core of facts), see *Matrix IV, Inc. v. American National Bank & Trust Co.*, 649 F.3d 539, 548 (7th Cir. 2011), though the American Law Institute has resisted the idea that the inquiry can be reduced to a formula. See *Restatement* §24. See also *Currier v. Virginia*, 138 S. Ct. 2144, 2154 (2018) ("In civil cases, a claim generally may not be tried if it arises out of the same transaction or common nucleus of operative facts as another already tried."). We do not find it necessary to seek a definition, because Horia has alleged two transactions on any understanding.

The two debts are owed (if Horia owes anything) to different creditors. Nationwide Credit sent two debt-collection letters. Horia's lawyer sent back two letters, one disputing each debt. With respect to each debt, Nationwide Credit assertedly failed to tell Experian that the debt had been disputed. The two sequences overlap in time (though it is hard to know the date on which Nationwide Credit didn't notify Experian; inaction spans a range of dates). They involve the same statutory rule and the same debt collector. But the wrongs differ—Nationwide Credit could have given a proper notice for one debt but not the other—and the injury differs. Each failure to notify could have caused an additional harm to credit score or peace of mind.

Suppose this were an employment-discrimination suit. On Monday a potential employer turns down an applicant because of the applicant's race. Unfazed, the applicant tries again on Friday and is rejected again, for the same forbidden reason. Does the disappointed applicant have one claim or two? The answer is two—for *National Railroad Passenger Corp.*

*v. Morgan*, 536 U.S. 101, 111 (2002), holds that each discrete discriminatory act produces one claim. In *Morgan* that mattered to the statute of limitations; here it matters to claim preclusion, but the principle is the same. Discrete and independently wrongful acts produce different claims, even if the same wrongdoer commits both offenses and the second wrong is similar to the first. Likewise with discrete violations of §1692e(8). Each time a debt collector fails to give a credit agency the required notice for a debt is a stand-alone wrong. Disputes that have an independent existence may be litigated separately. Joinder in federal practice is permissive, see Fed. R. Civ. P. 18(a), not mandatory. (The exception for compulsory counterclaims does not matter to this case.)

Nationwide Credit believes that allowing sequential litigation is inequitable because 15 U.S.C. §1692k(a)(2)(A) sets a maximum of $1,000 in statutory damages per case. See *Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 900 F.3d 377, 385 (7th Cir. 2018); *Smith v. Greystone Alliance, LLC*, 772 F.3d 448, 449 (7th Cir. 2014). (By "statutory damages" we mean a sum in addition to compensation for actual injury, which is governed by §1692k(a)(1).) Multiplying the number of cases multiplies the maximum award. That's true, but what of it? A statutory cap per case, rather than per bill collector, induces debtors to file more cases. Judges aren't authorized to turn per-case caps into per-defendant caps; that choice is legislative.

Bill collectors can protect themselves, however. If Nationwide Credit wanted to extend the effect of the settlement, it had only to negotiate a broad release. Many a release covers all disputes between the same parties, not just the dispute already in court. Maybe the release in Horia's

first suit *does* cover the second, but release is an affirmative defense, see Fed. R. Civ. P. 8(c)(1), which Nationwide Credit has not asserted.

Debt collectors also can use the language of the Act. Section 1692k(a)(2)(A) says that a court may award "such additional damages as [it] may allow, but not exceeding $1,000" per case. Defendants are free to argue—and district judges have discretion to conclude—that a debtor who has already collected $1,000 in statutory damages should not receive more from the same defendant for the same sort of wrong. The critical statutory word is "may" rather than "must". Debt collectors also are free to contend, and judges to find, that the second suit entails the same "actual damage" (§1692k(a)(1)) as the first, so that an additional award on that front is inappropriate. If a bill collector's first failure to notify a credit bureau damages a debtor's credit score and causes emotional distress, a second suit based on a second failure to notify the same credit bureau allows the debtor to collect only the *marginal* loss caused by the second wrong.

And a defendant who persuades a court that a sequential suit was brought to harass not only avoids an award of attorneys' fees but also becomes eligible to collect its own attorneys' fees from the debtor. 15 U.S.C. §1692k(a)(3). The statute thus provides debt collectors with tools to discourage abusive litigation.

Horia may have difficulty showing that he suffered a marginal injury from Nationwide Credit's second failure to notify Experian that a debt has been disputed. But he is entitled to try.

REVERSED AND REMANDED