> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 2, 2021[*]
Decided June 7, 2021

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-2370

| | |
|---|---|
| ROBERT GREEN,<br>    *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Northern District<br>of Illinois, Eastern Division. |
| *v.* | No. 1:19-cv-05181 |
| ILLINOIS STATE BOARD OF<br>EDUCATION, et al.,<br>    *Defendants-Appellees.* | **Sharon Johnson Coleman**,<br>*Judge.* |

## O R D E R

This lawsuit is the third that Robert Green, a physical education teacher, has brought against his former school district. In each, he alleged that the school district discriminated against him based on his race (African American), age (sixties), and sex (male). The first two lawsuits ended in settlement agreements, one of which contained a sweeping release of liability that discharged the school district from existing claims

---

[*] We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

"known or unknown" to Green. Despite the prior suits and release, Green sued the school district again, reprising the old allegations of discrimination and adding a new one based on an event that occurred before he signed the release. Green also sued the Illinois State Board of Education for not investigating the school district's treatment of him, a failure that he alleges violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and his right to due process. *See* 42 U.S.C. § 1983. The district court dismissed the suit. It ruled that claim preclusion and the settlement agreement barred the claims against the school district, and the Board could not be liable under Title VII because it was not Green's employer, or under § 1983 because it is not a "person" under that statute. We agree with the district court's reasoning and affirm the judgment.

Green began working in 1980 as a physical education teacher and coach for Aurora East Unified School District No. 131. (We take as true the factual allegations from Green's complaint and the exhibits attached to it, drawing reasonable inferences in Green's favor. *Squires-Cannon v. Forest Preserve Cook Cty.*, 897 F.3d 797, 802 (7th Cir. 2018). *See also* Fed. R. Civ. P. 10(c).) Over the next 30 years, Green faced four episodes that he challenges as unlawful in this suit. First, from 1993 to 2009, the district assigned Green to teach a health class, though he was uncertified in that subject. Second, the school district removed Green from his coaching position in 2005 and replaced him with a coach who was not a certified teacher. Third, the district twice fired Green, once in 2010 and again in 2013, for physically restraining students, though Green had been trained to use this method of handling disruptive students. (He had been reinstated after contesting the first discharge). Fourth, in 2015, the school district did not comply with a subpoena to turn over Green's personnel file to the State Board of Education, which sought the file as part of its investigation into the 2013 discharge.

Green has twice sued the school district before in federal court. First, in 2007, he alleged that the school district discriminated against him by taking away his coaching position. *Green v. East Aurora Sch. Dist. No. 131*, No. 07 C 5696 (N.D. Ill.). The case was dismissed with prejudice under the terms of a settlement agreement. Green filed his second lawsuit in 2015, alleging that the district fired him in 2010 and 2013 based on his race, sex, and age. *Green v. East Aurora Sch. Dist. No. 131*, No. 15 CV 7495 (N.D. Ill.). That case, too, was dismissed with prejudice under a settlement agreement. In that agreement, Green released and discharged the district and its administrators and agents from "any and all claims, known and unknown, asserted or unasserted, which Green has or may have as of the date of execution of this Agreement" (October 3, 2016), including violations of Title VII, the Age Discrimination in Employment Act of 1967, and other federal laws.

A year after signing the settlement agreement in October 2016, Green learned about two events related to this suit. The first, which predates the settlement, occurred in 2014 when the school district did not comply with a subpoena from the State Board of Education to turn over his employment file as part of an investigation into Green's 2013 discharge. The second involves the Board. Green learned that as of 2018 its investigation into his 2013 discharge cleared him of wrongdoing, but the Board had not enforced its subpoena to the district, even though in 2015 the district had offered to comply with it.

This lawsuit followed, with two sets of defendants. The Aurora East Unified School District and some of its employees comprise the first set. Green alleged that they did not comply with the 2014 subpoena because of his race, sex, and age in violation of the Civil Rights Act, 42 U.S.C. § 1981, Title VII, and the ADEA, 29 U.S.C. § 623. He also resurrected the earlier episodes, alleging that the district unlawfully assigned him to teach health, stripped him of his coaching role, and twice fired him. The second set of defendants was the Illinois State Board of Education and its board members. He alleged that their failure to enforce the subpoena against the school district violated Title VII and his due process rights, which he asserted under 42 U.S.C. § 1983. He also blamed the Board for allowing the district to hire non-teacher coaches and to place non-certified teachers in health classes, practices that Green says are unconstitutional.

The district court dismissed the lawsuit. It ruled that claim preclusion and the settlement agreement barred Green's claims against the district. Further, the Board could not be liable under federal employment statutes because it was not Green's employer; it could not be liable under § 1983 because the Board is not a "person" under that statute; and the individual board members, though "persons" under § 1983, were not alleged to have been personally involved in a constitutional violation.

Before addressing the merits of Green's appeal, we pause to assess jurisdiction. The defendants insist that the district court lacked subject-matter jurisdiction over this lawsuit because it is just a contract dispute over the terms of a settlement agreement, but we disagree. District courts have jurisdiction over actions that arise under the Constitution or federal law. 28 U.S.C. § 1331. Green, who is the master of his complaint, alleges violations of federal employment laws and due process. He seeks back pay for lost coaching and teaching jobs and compensatory damages for discrimination, not relief from a settlement agreement. True, to obtain relief on the federal claims against the school district, Green must overcome the release in the settlement agreement because the defendants raised the agreement's release as an affirmative defense to the

federal claims. But "[a] defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). So federal question jurisdiction is secure.

On the merits, the district court properly rejected most of Green's claims against the school district as barred by claim preclusion. Under that doctrine, a final judgment in a prior federal suit bars a new federal suit about claims that were—or could have been—raised earlier. *Barr v. Bd. of Trustees of Western Ill. Univ.*, 796 F.3d 837, 839 (7th Cir. 2015) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). The doctrine applies where the parties in the two suits are the same, the first suit went to judgment on the merits, and the two suits are based on similar factual allegations. *Id.* at 840. That test is met here: Green sued the same school district as in his previous two suits, and they both were dismissed with prejudice. Those count as judgments on the merits for purposes of claim preclusion even if the dismissals were pursuant to settlement agreements. *See Cannon v. Burge*, 752 F.3d 1079, 1101 (7th Cir. 2014) (dismissal with prejudice based on settlement agreement is a final judgment on the merits for purposes of claim preclusion). Green's claims that his assignment to teach health, the removal of his coaching role, and his two discharges violated employment-discrimination laws are the same claims that he brought in his earlier lawsuits. So those claims are barred. *Id.*

We understand Green to argue that his claims about the district's noncompliance with the subpoena should not be barred, however, because he did not know—and therefore could not have alleged facts—about that event in his earlier lawsuits. We may assume that claim preclusion does not block this claim. *See Horia v. Nationwide Credit & Collection, Inc.*, 944 F.3d 970, 974 (7th Cir. 2019) (claim preclusion did not bar new claim based on same legal theory but separate, more recent transaction). As we noted in *Horia*, however, a broad settlement agreement may bar such a new claim, *see id.*, and that observation applies here. Green released the district from any then-existing claims "known and unknown" to him when he signed the agreement in 2016. Based on those terms, Green may not sue the district for allegedly failing in 2014 to comply with a subpoena, because Green released it from any claims existing, even if unknown to him, before 2016. *See Cannon*, 752 F.3d at 1088–89 (applying Illinois law to interpret and enforce similar terms in settlement release). Green appears to reply that he should not be held to the release because the school district committed fraud in obtaining it. But Green has not sought rescission here, and in any event we would not address a litigant's request to rescind a settlement based on alleged fraud where, as here, he has not offered to return the funds that he received from the settlement. *See Fleming v. U.S. Postal Service AMF O'Hare*, 27 F.3d 259, 260–61 (7th Cir. 1994).

The district court also properly dismissed Green's claims against the State Board of Education. As the district court explained, Green could not sue the Board for discrimination under Title VII or the ADEA because it was not his direct employer, and Green does not argue on appeal that the Board was his indirect employer. *See Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 701–04 (7th Cir. 2015). Nor could Green sue the Board under § 1983 because the Board, as part of the state, is not a "person" under that statute. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989). And, although Green named some individual board members, he does not explain on appeal how they were personally involved in a violation of any law, so the claims against them, too, must fail. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019).

AFFIRMED.