NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 20, 2021[*]
Decided October 21, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-3176

| | |
|---|---|
| VICTOR ROBINSON, <br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 20-cv-203-bbc |
| SANDRA MCARDLE & JOLINDA WATERMAN, <br> *Defendants-Appellees.* | Barbara B. Crabb, <br> *Judge.* |

**O R D E R**

Victor Robinson, a Wisconsin inmate, appeals the district court's dismissal of the second of his two suits asserting that he was wrongly given prescription medications that made him ill and caused him to pass out and injure himself when he fell. Because the court correctly determined that Robinson's second suit was barred by claim preclusion, we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Robinson filed successive deliberate-indifference lawsuits over what he describes as a "medication mix up" in December 2017, while he was housed at the Wisconsin Secure Program Facility. In the first suit, filed in 2018, Robinson sued several prison officials, including Dr. Sandra McArdle and nurse Jolinda Waterman, for giving him a fellow inmate's prescription medication—meclizine, an antihistamine—that made him dizzy, pass out, and suffer a concussion after he hit his head. A judge in the Eastern District of Wisconsin entered summary judgment for the defendants after concluding that no reasonable jury could find, based on their unopposed facts, that any defendant had acted with deliberate indifference. We affirmed. *Robinson v. Waterman*, 1 F.4th 480, 482 (7th Cir. 2021).

In 2020, shortly after summary judgment was entered against him in his first suit, Robinson filed this suit in the Western District of Wisconsin over the same episode. This time he asserted that he had suffered an allergic reaction to two wrongly prescribed antihistamines. He alleged that diphenhydramine "in combination with" meclizine caused his injuries. Attempting to differentiate this suit from his first, he clarified that his complaint concerned not the meclizine but the erroneous prescription for diphenhydramine. He alleged that McArdle improperly prescribed diphenhydramine to him, that Waterman inexplicably altered the date McArdle prescribed it, and that neither defendant discussed the medication with him nor realized that it was supposed to be prescribed to another inmate.

The district court granted the defendants' motion to dismiss Robinson's suit under the doctrine of claim preclusion, concluding that the suit arose from the same set of operative facts as the previous suit, that the suit involved the same parties, and that the previous suit ended in a final judgment on the merits. *See Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chicago*, 649 F.3d 539, 547 (7th Cir. 2011). The court acknowledged Robinson's new theory of causation but determined that he could and should have raised it in his previous suit.

Claim preclusion blocks a second lawsuit when there is (1) an identity of the parties, (2) an identity of the claims, and (3) a prior final judgment on the merits. *Daza v. State*, 2 F.4th 681, 683 (7th Cir. 2021) (citing *Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*, 140 S. Ct. 1589, 1594–95 (2020)). The second element depends on whether the claims in each suit are based on the same "core of operative facts that give rise to a remedy." *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014). Thus, when a second suit is based on the same, or nearly the same, factual allegations as the first, the

later suit is blocked by claim preclusion. *Czarniecki v. City of Chicago*, 633 F.3d 545, 550 (7th Cir. 2011).

Robinson's brief is minimally developed, see FED. R. APP. P. 28(a)(8), but we address the one relevant argument we can discern: he contends that there is no identity of the claims between his first and second lawsuits. He asserts that this second suit concerns the wrongful prescription to him of meclizine *and* diphenhydramine, which, in combination, caused his allergic reaction, fall, and concussion.

Yet the district court rightly determined that both suits rest on the same operative facts: Robinson fell and injured himself on December 17, 2017, because of an allergic reaction to antihistamines that may have been wrongly prescribed. Even if Robinson altered his theory of causation in the present suit, the same core of operative facts underlies both suits, which are based on nearly identical factual allegations that resulted in the same injury. *See Adams*, 742 F.3d at 736 (upholding application of claim preclusion in plaintiffs' second of two Title VII suits alleging same core of operative facts about promotion process). Because the other two elements of claim preclusion are not disputed, the district court properly dismissed the suit on claim preclusion grounds.

AFFIRMED