In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 21-1394

W. STEPHEN LUSH, II,

*Plaintiff-Appellant,*

*v.*

BOARD OF TRUSTEES OF NORTHERN ILLINOIS UNIVERSITY, *et al.,*

*Defendants-Appellees.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No. 3:20-cv-50421 — **Iain D. Johnston**, *Judge.*

_____

SUBMITTED MARCH 10, 2022* — DECIDED MARCH 29, 2022

_____

Before WOOD, SCUDDER, and JACKSON-AKIWUMI, *Circuit Judges.*

SCUDDER, *Circuit Judge.* Stephen Lush II brought claims in federal court after unsuccessfully pursuing many of those

---

*We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C)

same claims in Illinois state court. When the district court informed him that his complaint failed to state claims, faced jurisdictional barriers, and may indeed warrant sanctions, Lush agreed to a voluntary dismissal. But he then appealed, wishing to challenge prior rulings the district court made denying his requests for the recruitment of counsel and to seal everything filed in the case. What Lush fails to recognize is that his voluntary dismissal—his walking away from the case he brought—leaves us with no appellate jurisdiction to consider these interlocutory rulings. This outcome reflects the harsh reality that can accompany an uninformed decision made by someone doing his best to represent himself but without the legal training to do so effectively. We have no choice but to dismiss the appeal.

**I**

Lush started at the Northern Illinois University College of Law in 2003. Poor academic performance, perhaps owing to mental-health struggles, resulted in the University dismissing Lush after his first year. Lush responded with litigation, suing the University in state court to recover his tuition and other alleged damages, and to purge his academic transcript. He also sought injunctive relief to prescribe the way the University handles matters relating to the mental health of its students.

The state court litigation did not go well for Lush. The first of Lush's lawsuits ended with an Illinois court entering judgment for the defendants. In time Lush brought additional lawsuits advancing similar claims, and those other cases ended the same way.

In 2020 Lush turned again to federal court. He sued the University's Board of Trustees, individual trustees, and the State of Illinois, alleging a range of violations under the Americans with Disabilities Act and provisions of other federal laws, civil and criminal. Lush accompanied his complaint with a request for the recruitment of counsel. For its part, the Board moved to dismiss the complaint as not only untimely, but also barred by principles of claim preclusion based on the prior cases Lush brought in state and federal court. Lush responded by filing an amended complaint which, in turn, prompted the district court to deny the Board's motion to dismiss as moot.

Fulfilling the screening obligation imposed by 28 U.S.C. § 1915(e)(2), the district court entered an order observing that the claims in the amended complaint were precluded by the *Rooker-Feldman* doctrine and, in any event, untimely given that Lush brought the federal action some 16 years after the events in question. So, too, did the district court observe that Lush's allegations fell short of stating any claim for relief. The district court then ordered Lush to show cause why the amended complaint should not be dismissed, while alternatively giving him the option of voluntarily dismissing the action to avoid potential sanctions under Federal Rule of Civil Procedure 11.

Lush's initial response was to renew his request for counsel, which the district court denied. From there Lush responded by agreeing to voluntarily dismiss his amended complaint and asking the district court to seal the entire case. The district court denied the request to seal and dismissed the case. The dismissal was "with prejudice," undoubtedly reflecting the district court's view that Lush's renewed effort to

relitigate his claims faced multiple insurmountable barriers that rendered futile any wish Lush may have had to further litigate.

This appeal followed, with Lush limiting his challenge to the district court's denials of his motions to appoint counsel and to seal the case file.

**II**

Lush's appeal is a prime example of a pro se litigant struggling to navigate the judicial system. To our eye, Lush seems intent on taking another shot at litigation—assisted by recruited counsel—without understanding that too many legal barriers stand in the way of any attempt to renew his prior claims.

His prior efforts to litigate in Illinois state court ended in adverse judgments against him. As the district court observed, the *Rooker-Feldman* doctrine almost surely prevents those judgments from being collaterally challenged or set aside through subsequent federal court litigation. See *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923). Nor is it clear that Lush appreciates other barriers that would stand immediately behind clearing the *Rooker-Feldman* hurdle including, for example, showing that his claims were timely and not barred by principles of claim preclusion. See *Daza v. State*, 2 F.4th 681, 683–84 (7th Cir. 2021) (explaining that a prior judgment on the merits precludes a subsequent action advancing the same claims and ones that could have been brought in the first action).

Even more, though, Lush took an affirmative step in the district court that precludes any appeal of the two

interlocutory rulings he presses in his brief. He agreed to a voluntary dismissal of his lawsuit, thereby dropping and walking away from his case in the district court. And once he received that dismissal and saw that the district court entered it "with prejudice," he took no step under Federal Rule of Civil Procedure 60 or otherwise to challenge the court's order.

Lush's voluntary dismissal had a jurisdictional consequence: the voluntary dismissal did not result in an adverse final judgment from which Lush may appeal the interlocutory rulings he now wishes to challenge. See *Palka v. City of Chicago*, 662 F.3d 428, 436 (7th Cir. 2011) (citing other cases reaching the same conclusion and explaining that "it makes no difference whether the dismissal under Rule 41(a) was with or without prejudice" because "when the district court granted [the plaintiff's] motion for voluntary dismissal, [he] received the precise relief he requested" and thus "may not appeal"); see also 8 James Wm. Moore, Moore's Federal Practice § 41.40[11][b] n.129 (3d ed. 2021) (collecting cases likewise concluding that the voluntary dismissal of a civil action precludes an appeal); accord *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1707 (2017) (employing similar reasoning and holding in the class action context that voluntary dismissals are not appealable as a way of challenging an adverse interlocutory ruling on one or another aspect of Rule 23's class certification requirements).

Because Lush received the precise relief he requested—dismissal—he cannot now challenge the district court's non-dispositive interlocutory rulings denying his requests for counsel and to seal all case filings. See *Palka*, 662 F.3d at 436.

Today's outcome may be difficult for Lush to accept, as he may have been of a mind that a voluntary dismissal would

permit future litigation, including on appeal—not preclude it. That view was uninformed, though, and almost surely reflects the reality and limitations of his proceeding without the benefit of a lawyer able to explain to him that jurisdictional and other barriers identified by the district court preclude any further effort to litigate (indeed, relitigate) his claims. Lush had no legal right to counsel, though, and every day district courts face the consequential task of deciding what circumstances warrant the appointment of counsel. See *Pruitt v. Mote*, 503 F.3d 647, 649, 654 (7th Cir. 2007) (en banc). It is clear that the district court denied Lush's request for counsel because of the futility of allowing another federal pleading on the matters alleged in this most recent complaint.

We therefore DISMISS Lush's appeal for lack of appellate jurisdiction.