NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 17, 2022[*]
Decided June 21, 2022

**Before**

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 22-1110

| | |
|---|---|
| WARITH R. MUHAMMAD, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 1:21-cv-01180 |
| HOME BOX OFFICE, INC., *Defendant-Appellee.* | Joe Billy McDade, *Judge.* |

**O R D E R**

Warith Muhammad appeals the dismissal of his complaint against Home Box Office, Inc. (HBO), for copyright infringement. This is Muhammad's second suit asserting that HBO stole his premise for a reality TV show set in a barbershop. The district court found no meaningful difference between his claims in the two suits, and dismissed the suit on claim preclusion grounds. We affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In 2020 Muhammad sued HBO in Illinois state court, alleging that the company's television series, "The Shop: Uninterrupted," infringed his copyright. As he set forth in his complaint, HBO released a trailer for its show two weeks after he had posted on Facebook a trailer for a barbershop-themed reality TV show. He alleged that he had published his trailer first and thus held copyright to the show's idea under 17 U.S.C. § 501. After HBO removed the suit to federal court, District Judge Mihm granted HBO's motion to dismiss for failure to state a claim. Judge Mihm explained that Muhammad's amended complaint failed to plead that he held formal copyright, did not plausibly allege that HBO had access to or knowledge of his Facebook page, and offered an implausible two-week timeline for producing and distributing a show. Judge Mihm determined that further amendments to Muhammad's complaint would be futile and dismissed the claim with prejudice. *See Muhammad v. HBO, Inc.*, No. 21-1168 (C.D. Ill. Sept. 20, 2021).

Two months before judgment was entered in that case, Muhammad filed another copyright infringement suit in federal court against HBO, this time also naming LeBron James as owner and Paul Rivera as creator of HBO's show. Muhammad mailed a copy of the complaint to HBO, but never served James or Rivera. *See* FED. R. CIV. P. 5(b). HBO then moved to consolidate the cases or dismiss the second suit as duplicative. Soon thereafter, Judge Mihm dismissed Muhammad's first case.

District Judge McDade, presiding over Muhammad's second case, ordered the parties to submit supplemental briefing on the applicability of preclusion. The parties did so. Characterizing the case as a "convoluted mess," the judge dismissed the complaint based on claim preclusion. The judge found "no meaningful difference" between Muhammad's claims against HBO in the two cases. As for Muhammad's claims against James and Rivera, the judge found the record less clear because the record did not reflect whether these two defendants were in privity with HBO in the prior litigation. The judge was troubled by the lack of service of summons upon James and Rivera, and ordered Muhammad to show cause why his claim against them should not be dismissed for lack of process. *See* FED. R. CIV. P. 4(m).

Muhammad responded that he never intended to name Rivera or James as defendants in this case; he simply meant to name them as producers "to further identify" the precise show that infringes his copyright. Based on that representation Judge McDade concluded that there was nothing left to litigate and terminated the case.

On appeal Muhammad has submitted a brief that is only minimally developed, *see* FED. R. APP. P. 28(a)(8), and we understand him to argue that his complaint alleged enough information for his infringement to survive dismissal at the pleading stage. But this argument does not engage the district court's decision to dismiss his case on claim preclusion grounds. Claim preclusion is satisfied when three criteria are met: (1) identity of parties; (2) identity of claims; and (3) a prior final judgment on the merits. *See Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*, 140 S. Ct. 1589, 1594–95 (2020); *Daza v. Indiana*, 2 F.4th 681, 683 (7th Cir. 2021). Here, Muhammad not only conceded in the district court that his second lawsuit was merely a "refiling" of the first, but he brought the second suit against the same party (HBO) and on the same factual basis (alleged infringement of his television show idea) as his prior suit—a dismissal on the merits. The district court thus correctly found his claim barred by claim preclusion. And to the extent Muhammad wishes to challenge the dismissal of his prior suit, he forfeited any challenge to that ruling by failing timely appeal. *See* FED. R. APP. P. 4(a)(1)(A); *Nestorovic v. Metro. Water Reclamation Dist. of Greater Chicago*, 926 F.3d 427, 431 (7th Cir. 2019).

AFFIRMED