NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 29, 2022[*]
Decided August 10, 2022

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-3247

| | |
|---|---|
| PETER DAZA, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of |
| | Indiana, Indianapolis Division. |
| *v.* | |
| | No. 21-cv-00615-SEB-DML |
| STATE OF INDIANA, et al., | |
| *Defendants-Appellees.* | Sarah Evans Barker, |
| | *Judge.* |

## O R D E R

This employment discrimination case comes to this court for the third time. Because the plaintiff's claims are precluded, we affirm the district court's dismissal of this case with prejudice.

---

[*] After examining the briefs and record, we have concluded that oral argument is not necessary. Thus, this appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2).

## Background

Peter Daza, a former geologist with the Indiana Department of Transportation ("State" or "Department"), sued the State and various Department officials alleging discrimination as well as retaliation for exercising his right to free speech. The district court granted summary judgment to the defendants, 331 F. Supp. 3d 810 (S.D. Ind. 2019). We concluded that Daza failed to show any protected activity or political affiliation motivated his firing, so we affirmed. 941 F.3d 303 (7th Cir. 2019) (*Daza I*).

Shortly after the district court dismissed his first case, but before the appeal of his first case was decided, Daza filed a second case. The second case was identical to the first, except in the second he also complained about the Department's decision to hire someone else for the geologist position and not to rehire him. The district court granted summary judgment to the defendants in this second case on claim preclusion grounds, 432 F. Supp. 3d 860 (S.D. Ind. 2020), and this court again affirmed. 2 F.4th 681 (7th Cir. 2021), *cert. denied*, 142 S. Ct. 763 (2022) (*Daza II*).

The person hired to replace Daza left the geologist position in the fall of 2019, and the State again posted that position for competitive hire. Daza applied three times, but he was not interviewed or hired. Daza then filed this third case. Daza's third complaint mostly mirrors his first and second complaints, although he adds the factual allegations about the person hired for the geologist position stepping down, the reposting of that position, Daza's three applications for the position, and his not being interviewed or rehired.

Daza brings his discrimination claims under 42 U.S.C. §§ 1981 and 1983, 29 U.S.C. § 621, and the First and Fourteenth Amendments to the U.S. Constitution. He brings his retaliation claims under the same authorities plus 42 U.S.C. §§ 2000e-3, 2003e-5, 12112, and 12203. In each of his three complaints, Daza seeks the same relief: lost back pay and benefits, lost front pay and benefits, lost future earnings, loss of reputation, lost job opportunities, various emotional damages, and attorneys' fees and costs.

The district court granted with prejudice defendants' motion to dismiss Daza's third complaint as barred by claim preclusion. The court ruled, "Daza has not identified any new or discrete act of discrimination or retaliation that would justify this third bite at the apple." In his third complaint, Daza claimed that in failing to interview or rehire him in 2020, defendants "failed to correct the discrimination and retaliation against Daza" litigated in *Daza I* and *Daza II*. In dismissing that complaint, the district court noted that *Daza I* and *Daza II* did not end in findings of discrimination and retaliation in need of "correction."

In its dismissal order, the district court concluded by reminding Daza and his counsel of the court's prior warning that "any claims Mr. Daza had against Defendants related to his termination or his efforts to be reinstated have been fully and fairly litigated," 432 F. Supp. 3d at 875, and that this court had issued a similar warning. 2 F.4th at 682.

Daza now appeals the district court's order granting the defendants' motion to dismiss his third case. "We review the district court's dismissal of a lawsuit on res judicata grounds de novo." *Johnson v. Cypress Hill*, 641 F.3d 867, 874 (7th Cir. 2011) (citation omitted).

## Analysis

Res judicata, or claim preclusion, is the doctrine under which "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Daza II*, 2 F.4th at 683 (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). "[T]wo claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Bernstein v. Bankert*, 733 F.3d 190, 227 (7th Cir. 2013) (cleaned up). "[W]e have held that courts should consider the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds." *Id*. (cleaned up).

A subsequent claim is precluded "when three criteria are met: (1) identity of parties, (2) identity of claims, and (3) a prior final judgment on the merits." *Daza II*, 2 F.4th at 683. "Federal courts apply the federal common law of claim preclusion when the earlier decision was rendered by a federal court." *Id*. The parties agree here that the first and third elements of claim preclusion are satisfied. They dispute the second element, identity of claims—Daza argues his claims differ from his previous complaints, and the Department submits they are the same. In discerning the breadth of a claim to determine what is precluded, "we must decide if the two claims 'arise from the same transaction … or involve a common nucleus of operative facts.'" *Id.* at 684 (quoting *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1595 (2020)).

Daza first argues that "the facts and transactions in [his] failure to rehire in 2020 are not identical" to those in his previous cases. His allegations in *Daza II* and this case differ, he submits, so his third complaint should be allowed to go forward. As an example, Daza points to the new allegations in his third complaint about the now-vacant geologist position, his serial applications, and the Department not interviewing or hiring him.

But Daza alleging additional facts in his third complaint does not render his claim in this case different from his claim in his previous cases. The question is whether the claims in each case arise from the same transaction or involve a common nucleus of operative facts. *Lucky Brand*, 140 S. Ct. at 1595; *United States ex rel. Conner v. Mahajan*, 877 F.3d 264, 271 (7th Cir. 2017). We conclude that they do. Many, if not most of the paragraphs in Daza's second and third complaints are identical. In each complaint, Daza alleges the Department discriminated against him based on his political affiliations and retaliated against him for his political views. And in each complaint, Daza continues to contest the Department terminating him and not rehiring him. As the district court correctly pointed out, Daza has not alleged a new discriminatory or retaliatory act. Rather, each complaint brings the same claims.

Causes of action are identical if each claim is supported by the same factual allegations, *Conner*, 877 F.3d at 271, that support a remedy. *Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chicago*, 649 F.3d 539, 547–48 (7th Cir. 2011). Here, nearly all of them are. Adding "a few" additional facts does not "suffice to destroy the essential factual commonality of these claims." *Matrix IV*, 649 F.3d at 548. This principle applies to employment discrimination cases. When a later lawsuit concerns decisions made by an employer after the first lawsuit but is otherwise identical to the first suit, the second suit is barred by claim preclusion. *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014). Causes of action are also identical if the judgment in each case would be based on the same evidence, *Conner*, 877 F.3d at 272. That is also true here. Simply alleging a few additional facts does not establish a new claim.

This is not a case where the theories of liability or requested relief have changed. Daza brings the same discrimination and retaliation claims and employs identical language in each of his three complaints. He also seeks precisely the same relief in each complaint, again using identical language. That is another consideration in deciding whether causes of action are identical. *Id.*; *see also Matrix IV*, 649 F.3d at 547.

Daza alleges the Department has failed to "provide corrective action" notwithstanding that, as the district court pointed out, neither *Daza I* nor *Daza II* ended in findings of discrimination or retaliation. Yet claim preclusion bars a cause of action which asserts that wrongful conduct from a first action continued unabated. *See, e.g., Matrix IV*, 649 F.3d at 548–49; *Salvati v. Fireman's Fund. Ins. Co.*, 368 F. Supp. 3d 85, 91, 92 (D. Mass 2019).

"[A] common-sense comparison" of the claims Daza makes in each of these three cases "supports the conclusion that [Daza] should not be permitted to repeat his

demand[s]" for back pay, front pay, compensatory damages, and the like. *Conner*, 877 F. 3d at 272. A party is precluded from relitigating a claim that shares the core facts of a claim that has already been adjudicated. This court previously ruled that the Department's decision not to rehire Daza, the subject of his second complaint, was part of the same transaction. 2 F.4th at 684. Daza's termination and the Department not rehiring him are claims that have already been decided twice, as the district court ruled here.

Daza's second argument is that the additional facts alleged in his third complaint arose when he did not have an open court case, so they could not be included in his claim. Because his second complaint was decided in the district court in January 2020, 432 F. Supp. 3d 860 (S.D. Ind. 2020), and was then on appeal to this court until June 23, 2021, 2 F.4th 681 (7th Cir. 2021), Daza claims there was no district court case pending in March 2021 in which he could have included his allegations about the 2020 failure to rehire.

This contention misses the mark. Daza's failure here is not a matter of timely amendment of his complaints. Rather, he has continued to bring the same claim, which is precluded after its resolution in his first (and second) cases. Hence, this case differs from the decision on which Daza relies, *Horia v. Nationwide Credit & Collection, Inc.*, 944 F.3d 970, 974 (7th Cir. 2019), which involved two transactions, and thus separate claims.

Finally, we note that the district court "restate[d] the warning" to Daza at the end of its dismissal order that "claim preclusion bars Mr. Daza's claims here and requires their dismissal. Hopefully, the third time will be the charm." Rather than considering sanctions, we note our full agreement with the district court on this point. We trust that Daza and his counsel understand that these claims have now been resolved and are at an end.

AFFIRMED.